UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOBAR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:15-cv-1151 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, JPMorgan Chase Bank, N.A. (the "defendant"), motion to dismiss for failure to state a claim (Dkt. No. 5). The plaintiff, Nicobar, Inc. (the "plaintiff"), has filed a response in opposition to the motion (Dkt. No. 9) and the defendant has filed a reply (Dkt. No. 10). After having carefully considered the motion, response, reply, the pleadings and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED in part** and **DENIED in part**.

**II.   FACTUAL BACKGROUND**

The plaintiff purchased the real property located at 9207 Stone Porch Lane, Houston, TX 77064 (the "Property") at a foreclosure sale held by the Willowbridge Homeowners' Association on June 3, 2014. The Property was sold subject to a superior lien held by the defendant pursuant to a valid and enforceable Deed of Trust. Thus, the plaintiff acquired possession of the Property subject to the defendant's Deed of Trust. The plaintiff does not contest the validity of the Deed of Trust or the inferiority of its interest in the property. Further, it concedes that it assumed no personal liability for the loan that the Property secures.

On April 2, 2015, the plaintiff commenced the instant action in the 125th Judicial District Court of Harris County, Texas in an effort to halt the defendant's foreclosure sale of the Property set for April 7, 2015. Specifically, by way of its action, the plaintiff seeks: (1) to enforce its equity of redemption; (2) to quiet title in its favor; and (3) a declaration that the defendant's refusal to provide it with a payoff amount violates Texas law. The defendant timely removed the case to this Court on May 1, 2015, on the basis of diversity jurisdiction.[1] The defendant now moves to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).

---

[1] Pursuant to records on file at the Harris County Appraisal District's Office, the Property at issue has a fair market value of $275,775.

Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may

also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV. ANALYSIS AND DISCUSSION

### A. The Plaintiff's Claim for Equitable Redemption

"Equity courts long ago created the equity of redemption doctrine to provide relief against penalties and forfeitures that confronted mortgagors." *Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 27–28 (Tex. App.-Austin 1990, no writ). The doctrine allows a mortgagor reasonable time to cure a default and request a reconveyance of the property. *Id.* at 28. To properly assert a claim for the equitable right of redemption, a plaintiff must: (1) prove that it "has a legal or equitable interest in the property subject to the mortgage"; (2) prove that it is "ready, able or willing to redeem the propert[y] in controversy by paying off the amount of valid and subsisting liens to which the propert[y is] subject," including "amounts expended by the mortgagee in association with the default"; and (3) assert its equity of redemption prior to foreclosure. *Id*. (internal citations omitted)

In this case, the defendant appears to concede that the plaintiff has the right to redeem the property. It, nevertheless, disputes that the plaintiff is "ready, able *or* willing to redeem the

property" by paying off all the valid and subsisting liens burdening the Property.  At this early stage of the litigation, given the demanding strictures applicable on a motion to dismiss, because the plaintiff has alleged in its petition that it is ready, willing and able to redeem the Property by paying off all the valid and subsisting liens encumbering the Property, the defendant's motion to dismiss the plaintiff's claim of equitable redemption is denied.

### B.     The Plaintiff's Request for a Payoff Amount

The defendant moves to dismiss the plaintiff's request for payoff amount, arguing that since the plaintiff "is not a party under the Deed of Trust, it is not entitled to a payoff quote or notice of information to protect its property interest." (Dkt. No. 5 at 4).  This Court agrees.

The plaintiff is neither a party to the Deed of Trust nor has it properly assumed the borrower's rights and/or position after purchasing an interest in the Property via the Trustee's Deed executed in its favor on June 3, 2014.  *See  402 Lone Star Prop., L.L.C. v. Bank of Am., N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App. -Austin, Aug. 12, 2014) ("To become a party to a deed of trust and obtain the rights of a borrower under a deed of trust, such as the right to notice and reinstatement, a purchaser of real property must take the affirmative steps of requesting and receiving written approval from the lender to assume the borrower's obligations under the deed of trust.").  Consequently, neither the Deed of Trust nor the Texas Property Code requires that the defendant provide the plaintiff, a stranger to the transaction, with a payoff quote.  *Gonzalez Equities, Ltd. v. Select Portfolio Servicing, Inc.*, Civil Action No. SA-14-CV-1087-XR, 2015 WL 3407357, *4 (W.D. Tex. May 26, 2015) (citing *402 Lone Star Prop., L.L.C.*, 2014 WL 4058715 at *3 (holding the plaintiff "was not a borrower or party under the Deed of Trust . . .  and [plaintiff] was, consequently, not entitled to notice of foreclosure, nor of

information to protect its property interest.") (internal citations omitted). Therefore, the defendant is entitled to a dismissal of the plaintiff's claim for a payoff amount.

### C.     The Plaintiff's Claim to Quiet Title

Next, the defendant moves to dismiss the plaintiff's claim to quiet title. A claim to remove cloud from title or a suit to clear or quiet title ' "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right."' *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL 2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

In order to prevail on a claim to quiet title, a plaintiff is required to demonstrate that: (1) it has an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [its] favor, [a] plaintiff 'must allege right, title, or ownership in [itself] with sufficient certainty to enable the court to see [it] has a right of ownership that will warrant judicial interference.' " *Wells v. BAC Home Loans Servicing, L.P.*, No. W–10–CA–00350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet.

denied)). "In other words, the plaintiff must recover on the strength of [its] title, not the weakness of [its] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

Here, the plaintiff's claim to quiet title fails to allege any facts establishing the superiority of its title in relation to the defendant's Deed of Trust. In fact, the plaintiff neither contests the validity of the defendant's Deed of Trust nor suggests that its *own* interest is superior to the defendant's Deed of Trust. Instead, it merely attempts to challenge the validity of the defendant's claim to title by alleging, albeit in conclusory fashion, that: (1) it owns the Property and is entitled to possession of it; (2) the defendant "holds a mortgage lien on the Property through a Home Equity Note and Security Instrument"; (3) it has offered to pay the defendant everything that is owed under the Note but the defendant has refused and instead seeks to foreclose on the Property; and (4) the defendant "wants to foreclose on the Property to obtain for itself the substantial equity in the Property which belongs to [it]." (*See* Dkt. No. 1, Ex. A-3, ¶¶ 1 – 3.). Because the plaintiff does not challenge the Deed of Trust's validity or otherwise claim title superior to that of the defendant, it fails to state a plausible claim to quiet title. *See Fricks*, 45 S.W.3d at 327. Accordingly, the defendant is entitled to a dismissal of the plaintiff's claim to quiet title.

### D.  The Plaintiff's Claim for Declaratory Relief

Finally, the defendant moves to dismiss the plaintiff's claim for declaratory relief. Here, the plaintiff seeks a "declaratory judgment that [the defendant's] refusal to provide [it] a payoff amount violates Texas law." (Dkt. No. 1, Ex. A-3 at 1 – 2, ¶ 4.). Although this action emanated in state court pursuant to the Texas Uniform Declaratory Judgment Act, it was subsequently removed to this Court and thus, "may be construed as one brought under the federal Declaratory

Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 769 (N.D. Tex. 2012). "The federal Declaratory Judgment Act [however] . . . does not create a substantive cause of action . . . [it] is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *O'Neill v. CitiMortgage, Inc.*, No. 4:13-cv-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014). "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas Cnty.*, 805 F. Supp.2d 322, 339 (S.D. Tex. 2011). As such, this Court interprets the plaintiff's request for declaratory relief as a theory of recovery grounded upon its request for a payoff amount. Since the plaintiff is not entitled to a payoff amount, it, likewise, is not entitled to a declaratory judgment, as it cannot use the Declaratory Judgment Act to seek relief to which it is not otherwise entitled.

## V.   CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

It is so **ORDERED**.

SIGNED on this 28th day of July, 2015.

_____
Kenneth M. Hoyt
United States District Judge